1

2

3

4

5

6

7

8

9          IN THE UNITED STATES DISTRICT COURT

10         FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

12   ERIC D. SCOTT,                        )   No. C 11-3128 LHK (PR)
                                           )
13               Petitioner,               )   ORDER DENYING "MOTION TO
                                           )   LEAVE"
14       v.                                )
                                           )
15   WARDEN G.D. LEWIS,                     )   (Docket No. 20)
                                           )
16               Respondent.               )
     _____   )

17

18       Petitioner, a state prisoner proceeding *pro se*, filed a petition for writ of habeas corpus

19   pursuant to 28 U.S.C. § 2254.  The Court screened Petitioner's petition, and found that, liberally

20   construed, Petitioner raised the following claims:  (1) there was insufficient corroboration of

21   accomplice testimony to convict him of murder; (2) the trial court improperly instructed the jury

22   with CALCRIM No. 362 because the court failed to limit the instruction to extrajudicial or pre-

23   trial statements; (3) the trial court improperly instructed the jury with CALCRIM No. 337

24   because that instruction enhanced the credibility of witness Troy Collins; and (4) Petitioner

25   suffered cumulative prejudice.  The Court issued an order to show cause.  On December 23,

26   2011, Respondent filed an answer to the Court's order to show cause.  On April 26, 2012,

27   Petitioner filed an amended traverse.

         On March 15, 2013, Petitioner filed a "motion for leave."  In this motion, Petitioner
28

Order Denying Motion to Leave
P:\pro-se\sj.lhk\hc.11\Scott525oscdenifp

1   requests "permission to leave" so that he can add two claims of ineffective assistance of counsel

2   to his petition, and exhaust those same claims by returning to state court.  For the reasons stated

3   below, the motion is DENIED without prejudice to renewal.

4        If the Court were to allow Petitioner to voluntarily dismiss his petition now, return to

5   state court to exhaust these two new claims, by the time Petitioner returns to federal court, his

6   new federal petition may be rejected as time-barred.  *See* 28 U.S.C. § 2244(d).  Petitioner can,

7   however, stay his currently fully exhausted petition, and return to state court to exhaust.

8   In *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009), the Ninth Circuit clarified that where a petitioner

9   seeks a stay of a fully-exhausted petition while he returns to state court to exhaust unexhausted

10  claims, no showing of good cause is required to stay the petition.  *Id.* at 1140.  However, the

11  newly exhausted claims can be added to the original petition by amendment only if the claims

12  are timely under the one-year statute of limitations set forth at 28 U.S.C. § 2244(d)(1).  *Id.* at

13  1140-41.  If the newly exhausted claims are not timely filed in accordance with said statute, they

14  can be added to the original petition by amendment only if they "relate back" to the claims in the

15  original petition that were fully exhausted at the time of filing.  *Id.* at 1142-43 (citing *Mayle v.*

16  *Felix*, 545 U.S. 644, 659 (2005)); Fed. R. Civ. P. 15(c).

17       Here, as noted, Petitioner has filed a fully exhausted petition.  If Petitioner wishes to stay

18  this action until the new claims he wishes to raise are exhausted, and he is able to amend the

19  instant petition to add those claims, the Court may grant a stay without a showing of good cause.

20  *See King*, 564 F.3d at 1140.  The Court has reservations about the eventual timeliness of

21  Petitioner's new claims, and whether they would "relate back" to the original petition.  However,

22  at this time, the Court will DENY Petitioner's motion without prejudice to Petitioner renewing

23  his motion, specifying that he wishes to stay the action in order to raise his new claims in state

24  court, and filing an amended petition that includes his two new claims.

25       IT IS SO ORDERED.

26  DATED: ___4/8/13___

27                                              LUCY H. KOH
                                                United States District Judge

28

Order Denying Motion to Leave
P:\pro-se\sj.lhk\hc.11\Scott525oscdenifp                    2