IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ERIC D. SCOTT, | ) | No. C 11-3128 LHK (PR) |
| | ) | |
| Petitioner, | ) | ORDER GRANTING MOTION |
| | ) | TO STAY HABEAS PETITION; |
| v. | ) | INSTRUCTIONS TO CLERK |
| | ) | |
| WARDEN G.D. LEWIS, | ) | |
| | ) | (Docket No. 22) |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, a state prisoner proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The Court screened Petitioner's petition, and found that, liberally construed, Petitioner raised the following claims:  (1) there was insufficient corroboration of accomplice testimony to convict him of murder; (2) the trial court improperly instructed the jury with CALCRIM No. 362 because the court failed to limit the instruction to extrajudicial or pre-trial statements; (3) the trial court improperly instructed the jury with CALCRIM No. 337 because that instruction enhanced the credibility of witness Troy Collins; and (4) Petitioner suffered cumulative prejudice.  The Court issued an order to show cause.  On December 23, 2011, Respondent filed an answer to the Court's order to show cause.  On April 26, 2012, Petitioner filed an amended traverse.  On March 15, 2013, Petitioner filed a "motion for leave."  In the motion, Petitioner requested "permission to leave" so that he could add two claims of

1   ineffective assistance of counsel to his petition, and exhaust those same claims by returning to

2   state court.  On April 9, 2013, the Court advised Petitioner that it was unlikely that any new

3   claims in an amended petition would be timely or relate back to the original petition, and denied

4   Petitioner's motion without prejudice to renewal if Petitioner expressly wished to exhaust these

5   new claims and file an amended petition.  On May 14, 2013, Petitioner filed a motion to stay and

6   hold his petition in abeyance in order to raise two unexhausted claims in state court.  Respondent

7   has filed an opposition.

8          It is well-settled that a district court has the discretion to hold in abeyance a petition

9   containing only exhausted claims.  *Calderon v. United States Dist. Court (Thomas)*, 144 F.3d

10  618, 620 (9th Cir. 1998); *Calderon v. United States District Court (Taylor)*, 134 F.3d 981, 988

11  (9th Cir. 1998); *Greenawalt v. Stewart*, 105 F.3d 1268, 1274 (9th Cir. 1997).  However, the

12  Ninth Circuit has held that its holding in *Taylor* in no way granted "district courts carte blanche

13  to stay even fully exhausted habeas petitions."  *Taylor*, 134 F.3d at 988 n.11.  Rather, a stay

14  should be granted in exceptional cases if:  (1) the claims the petition seeks to pursue are

15  cognizable under § 2254; (2) there is a likelihood of prejudice to the petitioner should a stay be

16  denied; and (3) there is no evidence that the motion for a stay is brought to delay, to vex, or

17  harass, or that the request is an abuse of the writ.  *See Fetterly v. Paskett*, 997 F.2d 1295,

18  1301-02 (9th Cir. 1993).  In addition, a district court cannot stay habeas proceedings indefinitely

19  pending exhaustion in state court as to do so would make this Court's compliance with the

20  AEDPA's requirement for prompt resolution of § 2254 petitions impossible.

21         However, here, Petitioner's proposed unexhausted claims appear to be potentially

22  cognizable under § 2254.  Further, there is a likelihood of prejudice should a stay be denied

23  because the claims may be foreclosed under the AEDPA's statute of limitations.  Additionally,

24  the Court notes that although Respondent has filed an opposition, Respondent argues only that

25  Petitioner's request to stay his petition expressly cites to *Rhines v. Weber*, 544 U.S. 269 (2005).

26  Respondent urges the Court to deny the request for a stay because Petitioner does not satisfy the

27  *Rhines* requirement of demonstrating "good cause" for a stay.  Indeed, *Rhines* is not applicable

28  to Petitioner's case because Petitioner has filed a fully exhausted petition, while *Rhines* discusses

1    the stay and abeyance procedure as it relates to mixed petitions.  Thus, Petitioner need not

2    demonstrate "good cause" to stay a fully exhausted petition.  Respondent's opposition otherwise

3    does not address any of the factors the Court must consider in staying a fully exhausted petition.

4    Petitioner also does not appear to be intentionally delaying this action.  Accordingly, Petitioner's

5    motion to stay the instant petition is GRANTED.  This action is hereby STAYED until thirty

6    days after the California Supreme Court's final decision on Petitioner's claims.

7                                                **CONCLUSION**

8            Accordingly, the Court orders as follows:

9            1.      Petitioner's motion for a stay is GRANTED.  This action is hereby STAYED

10   while Petitioner exhausts his unexhausted claims in the state courts.

11           2.      **If Petitioner wishes to have this Court consider any of his unexhausted**

12   **claims, he must properly present those claims to the California Supreme Court within**

13   **thirty days of the date this order is filed.  Thereafter, within thirty days of the California**

14   **Supreme Court's decision, he must file an amended petition in this Court setting forth his**

15   **newly exhausted claims in addition to any previously exhausted claims he still wishes to**

16   **have this Court consider.**

17           3.      The amended petition must include the caption and civil case number used in this

18   order (No. 11-3128 LHK (PR)) and the words FIRST AMENDED PETITION on the first page.

19   The amended petition supersedes the original petition, and Petitioner may not incorporate

20   material from the prior petition by reference.  The amended petition must only include exhausted

21   claims, and it must set forth all the claims Petitioner wishes this Court to consider with sufficient

22   clarity and particularity for Respondent to prepare an answer.

23           4.      This stay will be lifted, and this matter will proceed, only upon the filing of the

24   above-described amended petition, or a notice that Petitioner has decided to abandon his

25   unexhausted claims and wishes to proceed only with the exhausted claims in the original

26   petition.  If Petitioner does not take any further action, this case will remain stayed and he will

27   not receive any ruling from the Court on his petition.

28           The Clerk shall ADMINISTRATIVELY CLOSE the file pending the stay of this action.

1  This has no legal effect; it is purely a statistical procedure.  When Petitioner informs the Court

2  that exhaustion has been completed, the case will be administratively re-opened.

3       This order terminates docket number 22.

4       IT IS SO ORDERED.

5  DATED: ___6/13/13_____

6                                    LUCY H. KOH
                                     United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28