**FILED**

APR 08 2015

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC D. SCOTT,<br><br>    Petitioner,<br><br>vs.<br><br>G.D. LEWIS, Warden,<br><br>    Respondent. | No. C 11-3128 LHK (PR)<br><br>ORDER RE-OPENING CASE;<br>ORDER TO SHOW CAUSE |

    Petitioner, a California prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court ordered respondent to show cause why petitioner should not be granted relief. Respondent filed an answer, and petitioner filed a traverse. Thereafter, petitioner requested a stay of proceedings in order to exhaust two other claims in state court. On June 14, 2013, the court granted petitioner's request for a stay. On December 1, 2014, petitioner filed an amended petition. The court sua sponte RE-OPENS this action. Respondent is ordered to show cause why the amended petition should not be granted.

## DISCUSSION

A.   <u>Standard of Review</u>

    This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in

1 violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose*
2 *v. Hodges*, 423 U.S. 19, 21 (1975).
3     A district court shall "award the writ or issue an order directing the respondent to show
4 cause why the writ should not be granted, unless it appears from the application that the
5 applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.
6 B.    Petitioner's Claims
7     . As grounds for federal habeas relief, petitioner claims that: (1) CALCRIM No. 362
8 violated petitioner's right to testify in his own behalf and deprived petitioner of a meaningful
9 opportunity to present a defense; (2) CALCRIM No. 337 violated petitioner's right to present
10 evidence; (3) the instructional errors resulted in cumulative prejudice; (4) the admission of
11 uncorroborated testimony of the accomplices violated petitioner's right to due process; and (5)
12 counsel provided ineffective assistance by failing to investigate evidence regarding Sgt. Mark
13 Sanchez and Sgt. Louis Cruz. Liberally construed, these allegations are sufficient to require a
14 response. The court orders respondent to show cause why the amended petition should not be
15 granted.
16     Petitioner also alleges that appellate counsel rendered ineffective assistance. Petitioner
17 appears to claim that appellate counsel should have raised an argument that the restitution fine
18 was excessive. However, this claim is not cognizable on federal habeas review because it does
19 not challenge the validity or duration of petitioner's confinement. *Cf. United States v. Thiele*,
20 314 F.3d 399, 400 (9th Cir. 2002) (rejecting ineffective assistance of counsel claim in a Section
21 2255 motion based on the failure to challenge restitution fine as the claim was not cognizable
22 basis for habeas relief because the claim did not challenge validity or duration of confinement).
23 Accordingly, this claim is DISMISSED with prejudice for failure to state a claim.

### CONCLUSION

25 1.    The Clerk shall administratively RE-OPEN this action and FILE the first
26 amended petition.
27 2.    The Clerk shall serve by mail a copy of this order and the first amended
28 petition (docket no. 27) and all attachments thereto upon respondent and respondent's attorney,

the Attorney General of the State of California. The Clerk shall also serve a copy of this order on the petitioner.

3. Respondent shall file with the court and serve on petitioner, within **sixty days** of the filing date of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within **thirty days** of the filing date of the answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases within **sixty days** of the filing date of this order. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within **thirty days** of the filing date of the motion, and respondent shall file with the court and serve on petitioner a reply within **fifteen days** of the filing date of any opposition.

5. It is petitioner's responsibility to prosecute this case. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: 4/8/2015

_Lucy H. Koh_
LUCY H. KOH
United States District Judge